**UNITED STATES of America, Plaintiff–Appellee,**

v.

**$223,178.00 IN BANK ACCOUNT FUNDS, et al., Defendants,**

**Kathy Tran, Claimant–Appellant.**

No. 08–55896.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2009.*

Filed Oct. 23, 2009.

Frank Kortum, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Lynne M. Patterson, Esquire, Westminster, CA, for Claimant–Appellant.

Before: KLEINFELD and TALLMAN, Circuit Judges, and POLLAK,** District Judge.

## MEMORANDUM ***

Claimant Kathy Tran appeals in part the district court's order granting summary judgment to the government in this civil forfeiture proceeding. The government seeks forfeiture of over $485,000 in bank accounts, cashier's checks, and cash that it contends represent proceeds from Tran's facilitation of fraudulent marriages between U.S. citizens and foreign nationals. In opposition to the government's motion for summary judgment, Tran submitted two declarations which, if credited, would lend support to her contention that a portion of the funds seized by the government derive from innocent sources. A declaration from Steven, Tran's brother, states that he gave Tran roughly $1,000 to $1,200 per month beginning in 1995 in an effort to repay her for prior financial support. The second declaration, from Tran's son, Chris Huynh, states that Huynh gave Tran $137,974.81 in earnings from his employment with a company called Source One Marketing. In granting summary judgment for the government, the district court held that, because the declarations were unaccompanied by documentary evidence presumably within the control of claimant or the declarants, the declarations were "conclusory" and therefore incapable of raising a genuine issue of material fact.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de novo. Gammoh v. City of La Habra, 395 F.3d 1114, 1122 (9th Cir.2005). We reverse and remand.

The declarations at issue are not conclusory. An affidavit is conclusory if it "do[es] not affirmatively show personal knowledge of specific facts," Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir.2008) (internal quotation marks omitted), or if it "state[s] only conclusions, and not such facts as would be admissible in evidence," United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir.1999) (internal quotation marks omitted). Where the facts contained in an affidavit are "neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events," the affidavit is not conclusory. Orsini v. O/S Seabrooke O.N., 247 F.3d 953, 960 n. 4 (9th Cir.2001). In particular, although "supporting documentation" may be "introduce[d] into evidence" at trial, such documentation is not necessary at the summary judgment stage. United States v. Two Tracts of Land, 5 F.3d 1360, 1362 (9th Cir.1993) (accepting affidavits from family members that lacked supporting documentation as sufficient to withstand summary judgment).

The declarations submitted by Steven and Huynh contain factual averments made with each individual's personal knowledge. Further, a fact-finder crediting the declarations could hold that a por-

---

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tion of the contested funds is not subject to forfeiture. As a result, we cannot say that the declarations at issue are conclusory. They raise genuine—if perhaps disingenuous—issues of material fact, and the district court's grant of summary judgment for the government was therefore inappropriate.

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.